# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

MAYA DANGELAS,       §
                    §

    *Plaintiff*,      §
                    §

VS.               §      **CIVIL ACTION NO. 4:23-cv-1898**
                    §

DUONG VAN SUONG,     §
                    §

    *Defendant*.    §

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

The United States Court is still considered as a Haven for Justice due to its fairness and integrity.

## INTRODUCTION

1.     This action is brought by Dr. Maya Dangelas,[1] an American national,[2] against the alien Defendant. Dr. Dangelas is a reputable American educator,[3] economist, entrepreneur, and businesswoman who founded Tan Tao Group,[4]

---

[1] (A/K/A Dang, This Hoang Yen.) *See* https://en.wikipedia.org/wiki/Dang_Thi_Hoang_Yen.

[2] (Interchangeably "Plaintiff" or "Dr. Dangelas.")

[3] Strongly believing that education is the key for the development and growth of the future generations, Dr, Dangelas founded and has served as Provost and Chairwoman of Tan Tao University ("TTU") since its inception. TTU, with the assistance of the then Provost of Rice University, Stephen Malcolm Gillis, uses curricula designed by Rice University in the United States. Also, TTU is the university using the model of Duke University, in the U.S. and aspires to become the first Vietnamese university with

2.     Tan Tao Investment and Industry Corporation  (interchangeably "Tan Tao" or "ITACO")[5] is one of the related companies of  Dr. Dangelas' Tan Tao Group. It has pioneered the concept of industrial parks in Vietnam to bring foreign investment to Vietnam, and  Dr. Dangelas is the operating mind of ITACO.

3.     Although ITACO was organized in Vietnam, *but it is an American Company*, as defined by the Bilateral Trade Agreement ("BTA") between the United States and Vietnam which was entered in 2001 (*See* Exhibit 9, *infra*).  The reason is that it is owned, controlled, and operated by Dr. Dangelas, an American national, and many other American citizens who are investors of ITACO.  For years, the company has been one of Vietnam's largest publicly traded companies in Vietnam and its stocks are owned by American Citizens and Americans Companies. The stocks' fair market value was approximately $2,000,000,000.00, before the May 30, 2022, when Defendant made false representations to Ho Chi Minh City Stock Exchange to push ITACO into the opening of bankruptcy proceedings, thus, committing an act of taking of Dr. Dangelas' rights to property in violation of the Fifth Amendment to the U.S. Constitution and  22 U.S.C. § 2370 (e) (2), and the principles of international law, the 2001 BTA between the U.S. and Vietnam.

---

a U.S.-model of education. Programs at TTU are taught in English. All TTU students, are required to take 'liberal arts' courses which account for 25% of their academic programs.
https://ttu.edu.vn/about/president-office/?lang=en#
https://en.wikipedia.org/wiki/T%C3%A2n_T%E1%BA%A1o_University

[4] https://en.wikipedia.org/wiki/Tan_Tao_Group

[5] ITACO is not a party of this federal lawsuit. It has brought claims directly against the Socialist Republic of Vietnam (Vietnam) in an International Arbitration in Europe under the.

4.      Via Dr. Dangelas, ITACO constructs and operates industrial parks throughout the country of Vietnam. Those industrial parks provide foreign investors a "one door service."  Through ITACO, foreign investors obtain the facilities, material, and labor that they need to operate in Vietnam without being forced to wait through years of administrative steps otherwise required for a foreign investor to set up a presence in Vietnam.



Tan Tao Industrial Park changed the Binh Chanh.



Photo of Tan Tao University Construction Site



Photo of Tan Tao University's dedicated hospital which was home to the medical school and research projects.

## JURISDICTION

5.    Plaintiff is bringing claims under federal statutes, thus invoking 28 U.S.C. § 1331.

6.    Plaintiff is also bringing claims under 28 U.S.C. § 1332 (a) (2).

> 28 U.S.C. § 1332 - Diversity of citizenship; amount in controversy; costs:
>
> (a) ***The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –***
> (1) citizens of different States;
> (2) ***citizens of a State and citizens or subjects of a foreign state,*** except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State. . . .
>
>              * * * * *
>
> (c) For the purposes of this section and section 1441 of this title--
>
> (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . .

28 U.S.C. § 1332 (a) (2). (Emphasis added).

7.    The matter in controversy in this action exceeds the sum or value of $75,000.00. Plaintiff is bringing this case, seeking punitive damages against this Defendant in the amount in excess of $100,000,000.

8.    As stated above, Plaintiff is an U.S. national and a citizen of the State of Texas. Specifically, Defendant Duong Van Suong ("Defendant") (an Alien) is a citizen of

The Socialist Republic of Vietnam ("Vietnam"), a foreign state, and can be served at: 02 Street No. 6, Quarter 4, Tan Tao A Ward, Binh Tan District, Ho Chi Minh City, Vietnam.

## VENUE

9.      Pursuant to 28 U.S.C. § 1391 (c) (3), Defendant is a nonresident of the U.S., and nonresidents from a foreign country (aliens) can be sued in any district.

## PERSONAL JURSIDICTION

10.      This Court has personal jurisdiction under long-arm jurisdiction pursuant to Fed. R. Civ. P. 4 (k)(2) of the Federal Rules of Civil Procedure.

> Under Rule 4(k)(2), the plaintiff must prove: (1) the claim at issue arises from federal law; (2) the defendant is not subject to any state's courts of general jurisdiction; and (3) exercising jurisdiction is consistent with the United States Constitution and law. The plaintiff has the burden to show the first two prongs, and the burden then shifts to the defendant to show that application of jurisdiction would be unreasonable.[6]

*See Lang Van, Inc. v. VNG Corporation,* No. 19 – 56452 (9th Cir. 2022) for a in depth analysis of personal jurisdiction under long-arm jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2).

(1) The claim at issue arises from federal law: the Fifth Amendment to the U.S. Constitution and  22 U.S.C. § 2370 (e) (2); (2) Defendants are not subject to any state's courts of general jurisdiction; and (3) exercising jurisdiction is consistent with the United States Constitution and law and the BTA of the U.S.A. and Vietnam.

---

[6] Fed. R. Civ. P. 4(k)(2) states: (2) Federal Claim Outside State-Court jurisdiction. For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws.

## PARTIES

11.     Plaintiff Dr. Maya Dangelas is a U.S. national.

12.     Defendant Duong Van Suong is a citizen of Vietnam and can be served at:
02 Street No. 6, Quarter 4, Tan Tao A Ward, Binh Tan District, Ho Chi Minh City,
Vietnam.

## RELEVANT FACTS

**A.      Let us begin with the Story of ITACO: an American-Vietnamese Success Story.**

13.     As stated, *supra,* ITACO under the leadership of Dr. Dangelas, constructs
and operates industrial parks throughout the country. Those industrial parks provide
foreign investors a "one door service."  Through ITACO, foreign investors obtain the
facilities, material, and labor that they need to operate in Vietnam without being forced to
wait through years of administrative steps otherwise required for a foreign investor to set
up a presence in Vietnam.  ITACO's industrial parks offer jobs to hundreds of thousands
of underserved citizens and improve their lives in other ways – namely by transforming
the landscape and offering utilities (schools, hospitals, waste-treatment plants, and other
facilities) that Vietnam's corruption-ridden bureaucracy does not provide.

14.     Defendant Duong Van Suong politically pressured Vietnam to liquidate
ITACO – a USD multi-billion company – on the basis of an alleged small disputed debt
(with fraudulent documentation) that ITACO already paid.

**B.     ITACO had no economic transactions with Defendant.**

15.     ITACO has had no economic transactions with Defendant. On November 4, 2022, Duong Van Suong met with Sen Viet Management and Liquidation of Assets Partnership Company, at 36 Dang Tat, Tan Dinh Ward, District 1, Ho Chi Minh City, to petition to force Tan Tao into Bankruptcy, alleging that ITACO owed Duong Van Suong money.  The meeting was documented as follows, where Duong Van Suong alleged in his comments (under CONTENT, Paragraph 4):

"As of November 4, 2022, Tan Tao Corporation still owes Mr. Duong Van Suong an amount of VND 27,167,199,596 according to the appellate judgment No. 551/2019/DS-PT dated June 12, 2019 of the People's Court of Binh Tan District, Ho Chi Minh City. This is the principal and he requires Tan Tao Corporation pay the interest arising from the date of late payment."

*See Exhibit 1 incorporated below:*

### SOCIALIST REPUBLIC OF VIETNAM
### Independence - Freedom - Happiness

### MINUTES OF DEBT COMPARISON
No.: 01/2022/TT

*Pursuant to the Bankruptcy Law No. 51/2014/QH13 dated June 19, 2014;*

*Pursuant to the Decision on opening the bankruptcy procedures No. 56/2018/QDMTTPS dated January 25, 2018 of the People's Court of Ho Chi Minh City;*

*Pursuant to the Decision on appointment of asset management officers to manage and liquidate assets No. 22/2022/QD-CD dated April 15, 2022 of the People's Court of Ho Chi Minh City;*

Today at 09:00, November 4, 2022, at Sen Viet Management and Liquidation of Assets Partnership Company at 36 Dang Tat, Tan Dinh Ward, District 1, Ho Chi Minh City, we are

1. **ASSET MANAGEMENT OFFICER CHU MINH DUC**

   The asset management officer is appointed under Decision No. 22/2022/QD-CD for asset management and liquidation dated April 15, 2022 of the People's Court of Ho Chi Minh City.

2. **TAN TAO INVESTMENT AND INDUSTRY CORPORATION (Tan Tao Corporation)**

   Address: Lot 16, Road No. 2, Tan Tao Industrial Park, Tan Tao A Ward, Binh Tan District, Ho Chi Minh City

   Tax code: 0302670307

   Legal representative: Ms. Dang Thi Hoang Yen, General Director

3. **MR. DUONG VAN SUONG**
   Address: 02 Street No. 6, Quarter 4, Tan Tao A Ward, Binh Tan District, Ho Chi Minh City

   Authorized representative: Mr. Duong Van Sang

4. **HO CHI MINH CITY TAX DEPARTMENT**

   Address: 63 Vu Tong Phan, An Phu Ward, District 2, Ho Chi Minh City

   Authorized representative: Nguyen Duy Khiem according to the Power of Attorney No. 13961/CTTPHCM-QLN dated November 3, 2022

5. **BINH TAN DISTRICT TAX DEPARTMENT**

   Address: 528 Kinh Duong Vuong, An Lac, Binh Tan, City. Ho Chi Minh City

   Authorized representative: Huynh Thanh Huy,

   ID no.: 079083026281 issued on 10/8/2021

6. **DUC HANH TRAFFIC CONSTRUCTION COMPANY LIMITED (Duc Hanh Company)**

Address: 11/28 Hamlet 3, Tan Kien Commune, Binh Chanh District, Ho Chi Minh City

Tax code: 0302310255

Legal representative: Mr. Doan Van Duc

Authorized representatives: Mr. Dao Kim Nguyen Hung and Mr. Pham Hoang Dung according to the Power of Attorney dated November 4, 2022.

## CONTENT

1. **The asset management officer checked attendance:**
   - Tan Tao Corporation: present
   - Duc Hanh Company: present
   - Authorized representative of Mr. Dương Văn Sương: present
   - HCMC Tax Department: present
   - Binh Tan District Tax Department: present

2. **The asset management officer disseminated the meeting content:**

   Pursuant to the Decision on open bankruptcy procedures No. 56/2018/QD-MTTPS dated January 25, 2018 of the People's Court of Ho Chi Minh City, based on debt collection papers and bankruptcy case settlement documents of Tan Tao Corporation, the Asset Management officer holds the meeting to compare the debts, the parties' opinions are as follows:

3. **Duc Hanh Company's comments:**

   Pursuant to the application for debt settlement between Duc Hanh Company and Tan Tao Corporation dated April 24, 2018, Tan Tao Corporation still owes Duc Hanh Company the total amount of 21,642,364,718 VND, of which the principal debt is 10,821,182,359 VND, the temporary debt interest as of April 2018 is 10,821,182,359 VND.

Duc Hanh Company proposes Tan Tao Corporation to immediately pay Duc Hanh the entire amount mentioned above and the amount of interest arising from April 2018.

**4. Mr. Duong Van Suong's comments**

As of November 4, 2022, Tan Tao Corporation still owes Mr. Duong Van Suong an amount of VND 27,167,199,596 according to the appellate judgment No. 551/2019/DS-PT dated June 12, 2019 of the People's Court of Binh Tan District, Ho Chi Minh City. This is the principal and he requires Tan Tao Corporation pay the interest arising from the date of late payment.

**5. HCMC Tax Department's comments**

As of September 30, 2022, Tan Tao Corporation still owes the HCMC Tax Department the amount of 14,519,451,822 VND.

**6. Binh Tan District Tax Department's comments:**

Tan Tao Corporation still owes Tax Department of Binh Tan District the amount of 39,504,645,054 VND, late payment arising as of September 15, 2022 is VND 30,560,158,840, so as of September 15, 2022, the total debt is 70,064,803,894 VND. Currently, Tan Tao Corporation is generating a number of other taxes that are being sued at the Court. They will be provided to the Asset Management Officer when the judgement is made.

Particularly for the additional amount (equivalent to late payment as prescribed by law for each time from the time of sub-leasing the land to December 31, 2016 (the rest is in content 12.2 of the Land Rent Payment Notice (adjusted) No. 13209/TBCT dated July 8, 2019 of the Ho Chi Minh City Tax Department), and the penalty for late payment of this amount will be determined by the tax authority after the result of the Court's case settlement.

**7. Tan Tao Corporation:**

Requesting the Asset Management Officer to provide all the files of the creditors, official dispatches, minutes and documents related to the bankruptcy settlement of the Asset Management Officer and the Management and Liquidation of Assets Company so Tan Tao Corporation on the basis of these documents will have opinions on the above debts.

8. **Conclusion:** The Asset Management Officer acknowledges the parties' opinions. For fast and convenient bankruptcy, Tan Tao Corporation is requested to provide a list of creditors (if any) and debtors (if any). Meeting closes at 10:00 a.m. on the same day.

The minutes are made in 07 (seven) copies with the same legal validity and each party keeps 01 (one) copy and provides 01 (one) copy to the People's Court.

## CAUSES OF ACTION

| ASSET MANAGEMENT OFFICER | TAN TAO CORPORATION | DUC HANH COMPANY |
|---|---|---|
| *Signed* | *Signed* | *Signed* |
| **Chu Minh Duc** | **Vũ Ngọc Tường** **Nguyễn Thị Hoa** **Bùi thị Phương** | **Đào Kim Nguyễn Hùng** |

| HCMC TAX DEPARTMENT | BINH TAN DISTRICT TAX DEPARTMENT | AUTHORIZED REPRESENTATIVE OF MR. DUONG VAN SUONG |
|---|---|---|
| *Signed* | *Signed* | *Signed* |
| **Nguyen Duy Chiem** | **Huỳnh Thanh Huy** | **Duong Huu Song** |

EXHIBIT 1

## A. **Federal Causes of Action.**

### 1. **Violation of the Fifth Amendment to the United States Constitution**

16.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if copied herein.

17.    Defendant organized and aided and abetted the Ho Chi Minh City Stock Exchange in expropriating and/or taking the property of a U.S. national, Dr. Maya Dangelas.  Plaintiff seeks compensatory and all damages allowed under the implied right to a civil remedy afforded by the Fifth Amendment.

**2.    Defendant aided and abetted the Ho Chi Minh City Stock Exchange, an instrumentality of Vietnam, in expropriating United States property indirectly in violation of 22 U.S.C. § 2370 (e)  (2) (as amended in 1964) and Hickenlooper Amendment 22 U.S.C. §2370(e)(2).[7]**

**3.    Defendant's conduct is in violation of international laws and treaties, and caused Plaintiff damage. Defendant violated the Bilateral Trade Agreement ("BTA") between the United States and the Socialist Republic of Vietnam on Trade Relations (the "Treaty").[8]**

---

[7] 22 U.S. Code § 2370 (e) (2)

(e)NATIONALIZATION, EXPROPRIATION OR SEIZURE OF PROPERTY OF UNITED STATES CITIZENS . . . Notwithstanding any other provision of law, no court in the United States shall decline on the ground of the federal act of state doctrine to make a determination on the merits giving effect to the principles of international law in a case in which a claim of title or other rights to property is asserted by any party including a foreign state (or a party claiming through such state) based upon (or traced through) a confiscation or other taking after January 1, 1959, by an act of that state in violation of the principles of international law, including the principles of compensation and the other standards set out in this subsection: Provided, That this subparagraph shall not be applicable (1) in any case in which an act of a foreign state is not contrary to international law or with respect to a claim of title or other right to property acquired pursuant to an irrevocable letter of credit of not more than 180 days duration issued in good faith prior to the time of the confiscation or other taking, or (2) in any case with respect to which the President determines that application of the act of state doctrine is required in that particular case by the foreign policy interests of the United States and a suggestion to this effect is filed on his behalf in that case with the court.

[8] A true and correct copy of the Agreement between the United States and the Socialist Republic of Vietnam on Trade Relations, which is incorporated into this Complaint and attached hereto as Exhibit 9.
 All references to articles in the Treaty are references to articles in Chapter IV of the Treaty.

**B.**     <u>**Supplemental Claims under Texas Law.**</u>

**Continuous Negligent Misrepresentation**

18.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if copied herein.

19.     To prevail on a negligent misrepresentation claim, a plaintiff must show (1) the representation in question was made by the defendant in the course of its business or in a transaction in which it had a pecuniary interest, (2) the defendant supplied false information for the guidance of others in their business, (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information, and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Fed. Land Bank Ass'n of Tyler v. Shane,* 825 S.W.2d 439, 442 (Tex. 1991); see also *Roof Sys., Inc. v. Johns Manville Corp.,* 130 S.W.3d 430, 439 (Tex. App.-Houston [14th Dist.] 2004, no pet.) ("The 'false information' contemplated in a negligent misrepresentation case is a misstatement of existing fact. . . .")

20.     Defendant Duong Van Suong made numerous misrepresentations regarding the transaction, that was unrelated to ITACO since Plaintiff had no economic transactions with Defendant, and thus caused damages to Plaintiff. The representation in question was made by Defendant in the course of his business and in a transaction in which he had a pecuniary interest,   (2) Defendant supplied false information for the guidance of others in their business, (3) Defendant did not exercise reasonable care or competence in

obtaining or communicating the information, and (4) Plaintiff suffered pecuniary loss by justifiably relying on the representation.

## C.     Interference with Business Relations.

21.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if copied herein.

22.     Plaintiff, an investor in ITACO, suffered harm in that her stocks sustained substantial losses in value, directly and indirectly.

### The Elements of Tortious Interference with Business Relations

23.     To prevail on a claim for tortious interference with prospective business relations, a plaintiff must establish that (1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third party; (2) the defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; (3) the defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused the plaintiff injury; and (5) the plaintiff suffered actual damage or loss as a result.  In the instant case, Defendant Duong Van Suong willfully interfered with the business relationship of Plaintiff and others; and the interference resulted in damages suffered by Plaintiff. But for the conduct of Duong Van Suong, Plaintiff could have sold her stocks and would not have suffered the loss.

### Reasonable Probability of Prospective Business Relations

24.     For her claim of tortious interference with prospective business relations, Plaintiff will prove that the Defendant interfered with a reasonably probable contract that would have been entered into but for the interference, because without a probable contract, there is no "interest" to tortiously interfere with.   To establish a claim for tortious interference in this case, Plaintiff will prove that more than mere negotiations occurred, but she does not have to prove that the contract would have "certainly be made but for the interference." Thus, as addressed in more detail below, Plaintiff will establish that Defendant committed an independent tort but must also prove that Defendant's conduct actually interfered with a reasonably probable contract.

**Willful and Intentional Act of Interference**

25.     To satisfy the second element, Plaintiff will prove that Defendant either desired to prevent the relationship from occurring or knew the interference was "certain or substantially certain to occur as a result of the conduct."  The Supreme Court of Texas has explained that interference is intentional " 'if the actor desires to bring it about or if he knows that the interference is certain or substantially certain to occur as a   result.' "

**Defendant's Conduct Was Independently Tortious or Unlawful**

26.     In this case, Plaintiff will prove that Defendant's conduct was independently tortious or unlawful, but need not prove all the elements of the independent tort itself.  Plaintiff needs only to prove that Defendant's conduct would be actionable under a recognized tort. The Texas Supreme Court has held to the Restatement's limitation of unlawful conduct "characterized by violence, fraud or defamation, and was tortious in character" as it preserves the tort's utility and fills a gap

in affording compensation in situations where a wrong has been done. Thus, torts such as fraud, assault, illegal boycotts, misrepresentation, misappropriation of trade secrets, violation of a non-compete agreement, are all examples of independently tortious or unlawful conduct that would support a tortious interference claim. Conduct that is "merely sharp or unfair," however, cannot be the basis for an action for tortious interference with prospective relations.

**Proximately Caused Injury**

27.     Just as with tortious interference with an existing contract, in the instant case, Plaintiff will prove that Defendant's interference proximately caused its injury. Proximate cause requires proof of both cause-in-fact and foreseeability. The test for cause-in-fact is whether the tortious conduct was a substantial factor in bringing about the alleged injury, i.e., a factor without which the injury would not have occurred.

**Interference Caused Actual Damage or Loss**

28.     Finally, Plaintiff will show that actual damage or loss occurred as a result of the alleged interference. Texas courts have held that there is no cause of action for conduct that merely delays execution of a contract.

**Remedies**

29.     In an action for interference with the business relations of another, the plaintiff may recover damages that are a natural and proximate consequence of the interference. A defendant may be liable for damages such as (a) the pecuniary loss of the benefits of the contract or the prospective relation; (b) consequential losses for which the

interference is a legal cause; (c) emotional distress or actual harm to reputation if they are reasonably to be expected to result from the interference.

### The Accrual of the Claims

30.     Upon information and belief, on May 30, 2022, with the aiding and abetting by Duong Van Suong, the Ho Chi Minh Stock Exchange Committee issued a final request to force ITACO to disclose the Decision to open the bankruptcy proceedings. Thus, the accrual begins on that day, where harm to Plaintiff has resulted.

**D.     Aiding and Abetting.**

31.     Defendant aided and abetted the Ho Chi Minh City Stock Exchange in expropriating Plaintiff's property.

**E.     Actual and Apparent Authority / Ratification / Vice-Principal.**

32.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if copied herein.

33.     Plaintiff has satisfied all conditions precedent.

### ACTUAL DAMAGES

34.     As a direct, proximate, and producing cause of Defendant's conduct, Plaintiff has suffered actual and consequential damages within the jurisdictional limits of the Court, including but not limited to, mental anguish in the past and future, lost profits, and loss of the value of her stocks, directly in the amount of $28,497,074.00.

## EXEMPLARY DAMAGES

35.     In addition to actual damages, Texas Civil Practice and Remedies Code §
41.003 and the common law of Texas entitle Plaintiff to recover exemplary damages.
Defendant's conduct was done knowingly, with actual awareness, malice and intent,
and/or with such an entire want of care as to indicate that the acts and omissions in
question was the result of a conscious indifference to the rights, welfare or safety of
Plaintiff, such that Plaintiff is entitled to an award of exemplary or punitive damages, to
be determined by the jury commensurate with the facts of this case.

36.     Because Defendant's tortious and wrongful conduct violated the Texas
Penal Code, exemplary damages in this case are not limited under Sec. 41.008 (b) of the
Texas Civil Practices and Remedies.  Plaintiff alleges that exemplary damages in this
case are warranted and should be awarded in a manner that takes into account the nature
of the wrongful actions of Defendant, the character of the conduct involved, the degree of
the Defendant's culpability, the situation and sensibilities of the parties, the extent to
which such conduct offends a public sense of justice and propriety, and the net worth of
Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant, as follows:

1.     Economic and compensatory damages in the amount of
       **$28,497,074.00;**

2.     Actual damages including specific and general damages in amounts
       to be determined at trial;

3.   Exemplary damages in the amount of **$300,000,000.00;**

4.   Pre-judgment and post-judgment interest at the maximum rate allowable by law;

5.   Such other and further relief available under all applicable state and federal laws and any relief the court deems just and appropriate; and

6.   A trial by jury as to Defendant.

Dated May 23, 2023.

Respectfully submitted,

**MESTEMAKER, STRAUB & ZUMWALT**
By: */s/ David K. Mestemaker*
**David K. Mestemaker**
State Bar No. 00793002
dkm@mandsattorneys.com
Mestemaker, Straub & Zumwalt
3100 Timmons Lane, Suite 455
Houston, TX 77027
(713) 626-8900 Telephone
(713) 626-8910 Telecopier
**Designated E-Service Email Address**
The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a). (**Contact@mandsattorney.com**). This is the undersigned's ONLY electronic service email address and service through any other email address will be considered invalid.

**THE TAMMY TRAN LAW FIRM**
By: */s/ Minh-Tam Tran*
**MINH-TAM "TAMMY" TRAN**
Texas Bar No. 20186400
ttran@tt-lawfirm.com
2915 Fannin
Houston, Texas 77002
Telephone: (713) 655-0737

**ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served in accordance with the Federal Rules of Civil Procedure on all counsel of record by ECF notification on this the 23 day of May, 2023.

*/s/ David K. Mestemaker*
David K. Mestemaker

22 U.S. Code § 2370

(e)NATIONALIZATION, EXPROPRIATION OR SEIZURE OF PROPERTY OF UNITED STATES CITIZENS . . .

Notwithstanding any other provision of law, **no court in the United States shall decline on the ground of the federal act of state doctrine to make a determination on the merits giving effect to the principles of international law in a case in which** a claim of title or **other rights to property is asserted by any party** including a foreign state (or a party claiming through such state) **based upon (or traced through) a confiscation or other taking after January 1, 1959, by an act of that state in violation of the principles of international law,** including the principles of compensation and the other standards set out in this subsection: Provided, That this subparagraph shall not be applicable (1) in any case in which an act of a foreign state is not contrary to international law or with respect to a claim of title or other right to property acquired pursuant to an irrevocable letter of credit of not more than 180 days duration issued in good faith prior to the time of the confiscation or other taking, or (2) in any case with respect to which the President determines that application of the act of state doctrine is required in that particular case by the foreign policy interests of the United States and a suggestion to this effect is filed on his behalf in that case with the court.