**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MAYA DANGELAS, | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-cv-1898 |
| | § | |
| DUONG VAN SUONG, | § | |
| *Defendant*. | § | |

**Plaintiff's Motion for Default Judgment**

1.  Plaintiff seeks a default judgment against Defendant Duong Van Suong under Rule 55(b) of the Federal Rules of Civil Procedure because Defendant has failed to plead or otherwise defend in this action, despite being properly served with the Summons and Plaintiff's First Amended Complaint served in accordance with the Court's Order authorizing alternate service under Fed. R. Civ. P. 4(f)(3).

**Procedural Background**

2.  Plaintiff filed her original complaint on May 23, 2023 [Doc. 1], and her first amended complaint on November 8, 2023 [Doc. 9].

3.  On August 9, 2024, the Court entered an order [Doc. 25] instructing the Court's Clerk to make alternative service under Fed. R. Civ. P. 4(f)(3) that directed the Clerk to send the summons by mail.

4.  Consistent with the Court's Order [Doc. 25], the Clerk of Court issued the Summons and mailed the Summons, Complaint, and the Court's Order to Defendant on August 12, 2024 [Docket Entry 26]. Under the Court's order, "the delivery of the above mailing of the summons and international service by mail [] constitute[d] service of process being effected upon Defendant DUONG VAN SUONG."

5.  Under Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Defendant was required to file an answer or other responsive pleading within 21 days after being served. Service was effected on August 12, 2024; therefore, Defendant's answer was due on or before September 2, 2024.

6.  To date, Defendant has failed to file an answer or other responsive pleading, and the time for doing so has long expired. On September 30, 2025, Plaintiff requested the Clerk of Court enter default against Defendant.

7.  On October 2, 2025, the Clerk entered default against Defendant under Rule 55(a) of the Federal Rules of Civil Procedure.

8.  A default judgment against Defendant Suong is now timely and proper under Rule 55(b).

### Legal Standard for Default Judgment under Rule 55(b)

9. Rule 55(b) of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. Upon entry of default, the well-pleaded factual allegations of the complaint, except those relating to the amount of damages, are taken as true. "After defendant's default has been entered, plaintiff may apply for a judgment based on such default." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "Generally, the entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

10. "For the court to enter default judgment, the compliant must satisfy Federal Rule of Civil Procedure 8." *Gonzalez v. Port Packaging, L.L.C.*, 2019 WL 3216921 at *2 (S.D. Tex. July 16, 2019) (Rosenthal, J.) (citing *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490 (5th Cir. 2015)). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

11. "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). Rather, a claimant need only set out "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Once this standard is met "[t]he court may enter default judgment where 'the adversary process has been halted because of an essentially unresponsive party.'" *Gonzalez*, 2019 WL 3216921 at *2 (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)).

### Defendant's Liability on Well-Pleaded Allegations

**A. Dr. Dangelas' complaint states a plausible claim for relief for tortious interference with prospective business relations against Defendant.**

12. "Texas law protects prospective contracts and business relations from tortious interference." *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013). To state a claim of tortious interference with prospective business relations, the plaintiff must allege facts showing "(1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third party; (2) the defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; (3) the defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused the plaintiff injury; and (5) the plaintiff suffered actual damage or loss as a result." *Id.*

**1. Dr. Dangelas' complaint alleges facts showing there was a reasonable probability of a business relationship with a third party.**

13. Texas courts have recognized that the tort of interference with prospective business relationships encompasses both interference with ongoing business relationships and with

prospective business relationships. *See Faucette v. Chantos*, 322 S.W.3d 901, 915 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Indeed, "tortious interference with business or prospective contractual relations concerns not only business relations that have not yet been reduced to a contract but also continuing business relations not amounting to a formal contract" *Id.* Notably, "a pre-existing business relationship can suffice to show a reasonable probability of prospective contractual relations." *Cooper v. Harvey*, 2016 WL 4427481 at *11 (N.D. Tex. Aug. 21, 2016) (citing *N. Cypress Med. Ctr. Operating Co. Ltd. v. Gallagher Ben. Services, Inc.,* WL 2870639 at *7 (S.D. Tex. July 11, 2012)). Dr. Dangelas' complaint establishes that she had a pre-existing business relationship with the Ho Chi Minh City Stock Exchange.[1] Thus, the complaint identifies a basis for a reasonable probability of future business relations with a third-party. The complaint satisfies this element.

### 2. Dr. Dangelas' complaint alleges facts showing Defendant desired to interfere with Dr. Dangelas' prospective business relationships.

14. "To show that a defendant's interference was intentional, a plaintiff must show that the defendant had actual knowledge of the prospective business relations." *Greater Houston Transp. Co. v. Uber Techs., Inc.,* 2015 WL 1034254 at *19 (S.D. Tex. Mar. 10, 2015) (Gilmore, J.). "Intentional interference does not require an intent to injure, only that the actor desires to cause the consequences of his act, or that he believes that the consequences are substantially certain to result from it." *Wardlaw v. Inland Container Corp.*, 76 F.3d 1372, 1375-76 (5th Cir. 1996). The complaint satisfies this element for two reasons.

15. First, the complaint shows the Defendant knew about Dr. Dangelas' relationship with the Ho Chi Minh City Stock Exchange because the Defendant made false statements directly to the stock exchange regarding Dr. Dangelas' company, Tan Tao Investment & Industry Corporation

---

[1] Doc. 9. at. ¶3.

("ITACO").[2] Second, the complaint alleges the Defendant provided false financial information about Dr. Dangelas' company. Specifically, the complaint states the Defendant falsely claimed Dr. Dangelas' company owed an outstanding debt.[3] Because the complaint alleges that the Defendant provided false financial information to the stock exchange, it indicates the Defendant desired to undermine the stock exchange's confidence in Dr. Dangelas' company, thereby interfering with future business relations. Accordingly, the complaint satisfies this element.

### 3. Dr. Dangelas' complaint alleges facts showing Defendant's conduct was independently tortious.

16. "[I]ndependently tortious [does not] mean that the plaintiff must be able to prove an independent tort." *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 726 (Tex. 2001). Rather, "the plaintiff must prove that the defendant's conduct would be actionable under a recognized tort." *Id.* "Thus, for example, a plaintiff may recover for tortious interference from a defendant who makes fraudulent statements about the plaintiff to a third person without proving that the third person was actually defrauded." *Id.* Dr. Dangelas' factual allegations state that Defendant made false statements regarding Dr. Dangelas' company to the Ho Chi Minh City Stock Exchange and Sen Viet Management and Liquidation of Assets Partnership Company.[4] Accordingly, Dr. Dangelas' complaint satisfies this element.

### 4. Dr. Dangelas' complaint alleges facts showing that Defendant's interference proximately caused Dr. Dangelas' injury.

17. "The two elements of proximate cause are cause in fact and foreseeability." *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992). "Cause in fact means that the act or omission was a substantial factor in bringing about the injury, and without it harm would not have occurred." *Id.*

---

[2] *Id.* at. ¶¶3, 13-17.
[3] *Id.*
[4] *Id.*

Foreseeability means that the actor, as a person of ordinary intelligence, should have anticipated the harm that his conduct created. *See Id.* Dr. Dangelas' factual allegations state that Defendant provided false information to the Ho Chi Minh City Stock Exchange which caused her share prices to dramatically decrease in value.[5] Specifically, Defendant reported that Dr. Dangelas' company owed an outstanding debt.[6] Even if the Defendant did not anticipate this drastic decrease in value, Defendant's conduct was still a proximate cause of the harm because "[f]oreseeability does not require that a person anticipate the precise manner in which injury will occur…" *Id.* Accordingly, the complaint satisfies this element.

### 5. Dr. Dangelas suffered damages and loss.

18. Dr. Dangelas' factual allegations state that Defendant made false statements to the stock exchange regarding Dr. Dangelas' company. And shortly thereafter, Defendant's false statements caused Dr. Dangelas' shares to decrease dramatically in value. Specifically, as of the close of trading on June 23, 2022, the per-share trading price of ITACO shares was 9,180 VND.[7] On June 28, 2022, however, the per-share trading price of ITACO decreased to 7,720 VND.[8] Notably, between those dates ITACO was not the subject of any identified materially adverse business conditions other than the conduct of the Defendant.[9] Dr. Dangelas' owned and had a legal right to sell 601,346,687 shares representing 64.09% of the outstanding shares of ITACO on June 23, 2022, and June 28, 2022.[10] Thus, Dr. Dangelas' damages are calculated as follows:

---

[5] *Id.* at. ¶¶ 3, 13-17.

[6] *Id.*

[7] The Court may and should take judicial notice of Exhibit A, the Marketwatch.com Tan Tao Investment and Industry. (ITA) Historical Price Table https://www.marketwatch.com/investing/stock/ita/download-data?startDate=6/23/2022&endDate=6/28/2022&countryCode=vn: (last accessed Mar. 23, 2026), which is excepted from hearsay and admissible under Fed. R. Evid. 803(17).

[8] *Id.*

[9] Exhibit B, Dangelas Aff. ¶ 6.

[10] *Id.* at ¶¶ 4-5.

| June 23 2022 | Price Per Share = 9,180 VND  = 0.39 USD[11] <br> Dr. Dangelas' 601,346,687 shares x 0.39 = \$234,525,207.93 USD |
|---|---|
| June 28 2022 | Price Per Share = 7,720 VND = 0.33 USD[12] <br> Dr. Dangelas' 601,346,687 shares x 0.33 = \$198,444,406.71 |
| Damages based on reduced share value | 234,525,207.93 USD  - 198,444,406.71 USD = \$36,080,801.22 USD |

Accordingly, Dr. Dangelas is entitled to \$36,080,801.22 USD in economic and compensatory damages.

### B. Dr. Dangelas' complaint states a plausible claim for relief for negligent misrepresentation against Defendant.

19. To state a claim for negligent misrepresentation, a plaintiff must allege facts showing "(1) a representation made by a defendant in the course of its business or in a transaction in which it has a pecuniary interest; (2) the representation conveyed false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.,* 546 S.W.3d 648, 653-54 (Tex. 2018).

### 1. Dr. Dangelas' complaint alleges facts showing the Defendant made a misrepresentation in a transaction in which Defendant had pecuniary interest.

20. The complaint alleges the Defendant deceived Dr. Dangelas and Dr. Dangelas' company by making a misrepresentation in a transaction to buy the Defendant's land.[13] Therefore, the complaint satisfies this element because the transaction is one in which the Defendant had a pecuniary interest.

---

[11] Vietnamese Dong to US Dollars Exchange Rate History for June 23, 2022, Wise, https://wise.com/us/currency-converter/vnd-to-usd-rate/history/23-06-2022 (last accessed Mar. 21, 2026).

[12] Vietnamese Dong to US Dollars Exchange Rate History for June 23, 2022, Wise, https://wise.com/us/currency-converter/vnd-to-usd-rate/history/23-06-2022 (last accessed Mar. 21, 2026).

[13] *Id.* at. ¶ 17.

**2. Dr. Dangelas' complaint alleges facts establishing the Defendant did not exercise reasonable care when Defendant conveyed false information to Dr. Dangelas in the guidance of her business.**

21. "A claim for negligent misrepresentation under Texas law contemplates that the false information provided by the defendant is a misstatement of existing fact. *Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.,* 88 F.3d 347, 357 (5th Cir. 1996). "[T]his means only that the falsity must exist when the statement is made." *W. African Ventures Ltd. v. Fleming,* 634 F. Supp. 3d 391, 402 (S.D. Tex. 2022) (Rosenthal, J.). Here, the complaint alleges that the Defendant promised to vacate his land in a transaction with Dr. Dangelas' company. The complaint highlights how the Defendant, after refusing to vacate his land, falsely accused Dr. Dangelas' company of coercing him to sign blank papers and not paying him. Dr. Dangelas' factual allegations indicate that the Defendant never intended to vacate his land, and therefore, Defendant provided a misstatement of existing fact when Defendant said Defendant would do so. Therefore, the complaint satisfies elements two and three of the negligent misrepresentation claim.

**3. Dr. Dangelas' complaint shows she suffered pecuniary loss by justifiably relying on Defendant's representation.**

22. "Justifiable reliance is a lower standard than reasonable reliance: it does not require the plaintiff to prove reasonableness, nor does it impose a duty to investigate unless the falsity is easily apparent or there are red flags indicating that reliance is not warranted." *In re Abraham,* No. ADV 10-03227, 2014 WL 3406513, at *3 (S.D. Tex. July 7, 2014) (Harmon, J.). The complaint shows the parties agreed on the terms of their transaction and before the Defendant revealed his true intent there were no "red flags." In reliance on the Defendant's promise to vacate, Dr. Dangelas' company paid Defendant over $10,000,000. Accordingly, the complaint satisfies this final element.

165288127.7

**Requested Relief**

23. The Court should enter judgment against Defendant and award Plaintiff the following relief:

   a. **Economic and Compensatory Damages:** The Court should award Dr. Dangelas economic and compensatory damages in the amount of $36,080,801.22;

   b. **Exemplary Damages:** The Court should award Dr. Dangelas exemplary damages in the amount of $36,080,801.22 [Doc. 9, Prayer for Relief ¶ 3];[14]

   c. **Pre-Judgment and Post-Judgment Interest:** The Court should award Dr. Dangelas pre-judgment and post-judgment interest on all recoverable damages at the maximum rate allowable by law, as prayed for in her Complaint. [Doc. 9, Prayer for Relief ¶ 4];

   d. **Costs of Court:** The Court should award Dr. Dangelas all taxable costs of court; and

   e. **Other Relief.** Dr. Dangelas requests such other relief as the Court may deem just and proper. [Doc. 9, Prayer for Relief ¶ 5].

**Prayer**

Plaintiff respectfully prays the Court grant this Motion for Default Judgment and enter judgment against Defendant Duong Van Suong for the relief requested herein, including economic and compensatory damages in the amount of $36,080,801.22, pre-judgment and post-judgment interest, costs of court, exemplary damages in the amount of at least one times the amount of actual damages, and such other and further relief as the Court may deem just and proper.

Dated: September 9, 2025

Respectfully submitted,

*/s/ William S. Helfand*_____
William S. Helfand
Bill.Helfand@lewisbrisbois.com
Attorney-in-Charge
SBOT: 09388250
S. D. Tex. Bar. No. 8791

---

[14] Dr. Dangelas submits that exemplary damages equaling her actual damages is the least appropriate exemplary damage award the Court should consider. To the extent the Court may deem a hearing necessary to determine an appropriate amount of exemplary damages, Dr. Dangelas requests the Court set such a hearing.

Andrew Pidgirsky
Andrew.Pidgirsky@lewisbrisbois.com
SBOT: 24013331
S. D. Tex. Bar. No. 3320408

_____

David K. Mestemaker
State Bar No. 00793002
3100 Timmons Lane, Suite 455
Houston, TX 77027
Telephone: (713) 626-8900
Telecopier: (713) 626-8910
Email: dkm@mandsattorneys.com

_____

Minh-Tam "Tammy" Tran
Texas Bar No. 20186400
THE TAMMY TRAN LAW FIRM
4900 Fournace Pl
Bellaire, Texas 77401
Telephone: (713) 655-0737
Email: ttran@tt-lawfirm.com
**ATTORNEYS FOR PLAINTIFF MAYA
DANGELAS**

CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2026, a true and correct copy of the foregoing Plaintiff's Motion for Default and Affidavit in Support was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ William S. Helfand*
William S. Helfand

165288127.7

10