United States District Court
Southern District of Texas
**ENTERED**
April 19, 2026
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MAYA DANGELAS, | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-cv-1898 |
| | § | |
| DUONG VAN SUONG, | § | |
| *Defendant.* | § | |

### FINAL JUDGMENT

Plaintiff filed her original complaint on May 23, 2023 [Doc. 1], and her first amended complaint on November 8, 2023 [Doc. 9].

On August 9, 2024, the Court entered an order [Doc. 25] instructing the Court's Clerk to make alternative service under Fed. R. Civ. P. 4(f)(3) that directed the Clerk to send the summons by mail.

Consistent with the Court's Order [Doc. 25], the Clerk of Court issued the Summons and mailed the Summons, Complaint, and the Court's Order to Defendant on August 12, 2024 [Docket Entry 26]. Under the Court's order, "the delivery of the above mailing of the summons and international service by mail [] constitute[d] service of process being effected upon Defendant DUONG VAN SUONG."

Under Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Defendant was required to file an answer or other responsive pleading within 21 days after being served. Service was effected on August 12, 2024; therefore, Defendant's answer was due on or before September 2, 2024.

To date, Defendant has failed to file an answer or other responsive pleading, and the time for doing so has long expired. On September 30, 2025, Plaintiff requested the Clerk of Court enter default against Defendant.

173820888.1

On October 2, 2025, the Clerk entered default against Defendant under Rule 55(a) of the Federal Rules of Civil Procedure. A default judgment against Defendant Suong is now timely and proper under Rule 55(b).

Rule 55(b) of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. The Court accepts the well-pleaded factual allegations in Plaintiff's complaint, except those relating to the amount of damages, as true. Plaintiff has further substantiated her damages proximately caused by Defendant's tortious conduct through admissible evidence including Plaintiff's own declaration under the penalty of perjury. Accordingly, Plaintiff has established all elements necessary for the Court to enter a default judgment against Defendant under Rule 55(b). It is therefore;

**ORDERED** that judgment is entered in favor of Plaintiff and against Defendant and that Plaintiff is awarded from Defendant the following damages against Defendant for which execution may issue if not timely paid:

a. Economic and compensatory damages in the amount of $36,080,801.22;

b. Exemplary damages in the amount of $36,080,801.22, which is equal to one time the amount of Plaintiff's economic and compensatory damages;

c. Pre-judgment and post-judgment interest on all recoverable damages at the maximum rate allowable by law; and

d. All taxable costs of court.

**THIS IS A FINAL ORDER**

Signed this 12th day of April, 2026

_____
LEE H. ROSENTHAL
UNITED STATES DISTRICT JUDGE

173820888.1